UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL CHRISTOPHER YOUNG, | No. 2:22–cv–0590–JAM-CKD PS |
| Plaintiff, | |
| v. | ORDER TO SHOW CAUSE |
| STEVEN RICHARD BURLINGHAM, et al., | |
| Defendants. | |

On April 4, 2022, plaintiff filed a fee-paid complaint initiating this action against 12 defendants involved in state probate court proceedings connected with the conservatorship of plaintiff's mother.[1]  (ECF No. 1.)  Because the complaint fails to establish this court's subject matter jurisdiction and appears to be barred by dismissal of plaintiff's previous case, the court on its own motion issues this order for plaintiff to show cause why the case should not be dismissed.

None of the defendants have yet appeared or responded to the complaint, and presumably plaintiff is still in the process of serving them.  But courts have "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."  Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010).  Pursuant to Rule 12(h)(3) of the Federal Rules of Civil

---

[1] Because plaintiff is self-represented, all pre-trial proceedings are referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1) and E.D. Cal. Local Rule 302(c)(21).

1

Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Plaintiff has repeatedly filed suit in this federal court against the same individuals for fraud and corruption that allegedly took place in probate proceedings in Sacramento County Superior Court connected with the conservatorship of plaintiff's mother. (See Young et al. v. Burlingham et al., No. 2:21-cv-00537-TLN-KJN; Young v. Burlingham et al., No. 2:21-cv-01660-KJM-AC; Young v. Burlingham et al., No. 2:22-cv-00053-TLN-CKD.) In each of those suits, plaintiff was advised of issues with establishing the court's subject matter jurisdiction. In addition, Case No. 2:21-cv-00537 (hereafter "the 537 Action") was involuntarily dismissed with prejudice under Rule 41(b) for failure to comply with court orders by failing to oppose the defendants' motions to dismiss. (No. 2:21-cv-00537, ECF Nos. 15, 18.)

Given this background, plaintiff must show cause (1) why the court has subject matter jurisdiction, and (2) why this suit is not barred by the "with prejudice" dismissal of plaintiff's substantively identical prior suit.

### 1. Lack of Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). A federal district court generally has jurisdiction over a civil action when (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).

Plaintiff does not assert "diversity jurisdiction," nor could he because it appears that plaintiff and all 12 defendants are citizens of California. (ECF No. 1 at 2, 5-7 (listing California addresses).) See Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005) (for § 1332(a), complete diversity requires that each plaintiff must be a citizen of a different state from the defendants).

Instead, plaintiff asserts "federal question" jurisdiction based on three grounds. First, the complaint lists "(Fraud Upon the Court) as set forth in (Cox v. Burke) 706 So. 2d 43 47 (Fla. 5th DCA 1998)." (ECF No. 1 at 1, 4.) Cox v. Burke is a Florida state court case that has no bearing

2

on federal jurisdiction. The cited portion of that case deals with the court's inherent authority to dismiss a claim if a party or their counsel is acting in a fraudulent manner. Id. at 46-47.

Second, the complaint asserts jurisdiction under California Penal Code § 182(a), which makes conspiracy a criminal offense. (ECF No. 1 at 1, 4.) However, private citizens have no authority to assert civil claims under the criminal code. See Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006) (no private right of action for violation of criminal statutes).

Third, the complaint asserts jurisdiction based on "deprivation of rights under color of law," briefly referencing in the caption the Due Process and Equal Protection Clauses of the Fourteenth Amendment. (ECF No. 1 at 1, 4.) The court understands plaintiff to be invoking 42 U.S.C. § 1983, which "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." Devereaux v. Abbey, 263 F.3d 1070, 1074 (9th Cir. 2001). To state a claim under § 1983, a plaintiff must allege (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person *acting under color of state law*. See West v. Atkins, 487 U.S. 42, 48 (1988).

Section 1983 would give the court jurisdiction if the complaint named any defendants who were subject to suit thereunder. However, the complaint makes plain that 11 of the 12 defendants are not "state actors" subject to suit under § 1983. All of the defendants besides Court Investigator Robin Pearl are private persons involved in a personal capacity in the probate proceedings at issue: plaintiff's brother, the court-appointed conservator/fiduciary, and the numerous attorneys and legal staff representing the probate parties.[2]

Conduct by private individuals or entities is generally not actionable under § 1983. See Gomez v. Toledo, 446 U.S. 635, 640 (1980) (a private individual generally does not act under color of state law). Conduct by private individuals or entities is only actionable under § 1983 if there is "such a close nexus between the State and the challenged action that seemingly private

---

[2] Plaintiff provides an address for defendant attorney Olena Likhachova that indicates she works for the California Department of Justice. However, the pleadings and attachments make clear that Likhachova is named in connection with her representation of plaintiff's brother while she was in private practice. (ECF No. 1 at 41, 44, 50.)

3

behavior may be fairly treated as that of the State itself." Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001) (cleaned up). In alleging various and sundry acts of fraud and conspiracy, plaintiff identifies nothing linking these defendants to the State itself. That these acts took place in connection with a state court proceeding does not satisfy § 1983's "state action" requirement.

Defendant Robin Pearl is the only defendant arguably sued in connection with actions taken under color of state law. The complaint identifies Ms. Pearl as a "Court Investigator" and, as best the court can tell, she is sued here for two actions taken in the probate case: (1) "produc[ing]" a "fraudulent investigator report" of elder abuse, which led to plaintiff being removed from the home he previously shared with his mother (ECF No. 1 at 11, 23), and (2) creating an "investigative report" recommending that plaintiff's mother should be represented by court-appointed counsel to avoid the conflict of interest with her being represented by the same private attorney who was representing plaintiff (id. at 27).

Both of these actions appear to be the type taken in the normal course of a Probate Court Investigator performing her official duties. See Cal. Probate Code § 1826 (establishing court investigator duties including reviewing allegations of the petition, interviewing petitioners and relatives, and reporting to the Superior Court in writing regarding various matters, such as representation and appointment of legal counsel). Given that these are integral parts of the judicial process for state court probate proceedings, Ms. Pearl is likely immune from suit for these actions under the doctrine of quasi-judicial immunity. See Moore v. Brewster, 96 F.3d 1240, 1244 (9th Cir. 1996) ("The concern for the integrity of the judicial process that underlies the absolute immunity of judges is reflected in the extension of absolute immunity to certain others who perform functions closely associated with the judicial process."); In re Castillo, 297 F.3d 940, 947-49 (9th Cir. 2002) (overruled in part on other grounds) (noting that quasi-judicial immunity extends "to court clerks and other nonjudicial officers for purely administrative acts— acts which taken out of context would appear ministerial, but when viewed in context are actually a part of the judicial function."). Thus, even assuming the complaint's minimal allegations sufficiently stated a § 1983 claim against Ms. Pearl, it appears she is immune from suit.

Finally, although the complaint is unclear what relief plaintiff seeks—other than holding every defendant "guilty"—to the extent the complaint attempts to appeal or otherwise dispute state court judgments, the court lacks jurisdiction under the Rooker-Feldman doctrine. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (Rooker-Feldman doctrine precludes federal courts from entertaining challenges to state court judgments).

### 2. Res Judicata from the 537 Action

The doctrine of res judicata, also known as claim preclusion, protects "litigants from the burden of relitigating an identical issue" and promotes "judicial economy by preventing needless litigation." Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 (1979). Res judicata provides that "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." Headwaters Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1051 (9th Cir. 2005). "The elements necessary to establish res judicata are: (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." Id. at 1052 (internal quotation omitted).[3]

Comparing the March 2021 complaint filed in the 537 Action and the complaint filed in this case, it appears that all three elements are satisfied so as to bar plaintiff from proceeding with this litigation. As to the first and second elements, both complaints assert identical purported causes of action under the state penal code and the Fourteenth Amendment, regarding the same allegedly fraudulent conduct and conspiracies against plaintiff in the probate proceedings; and both name the exact same defendants (with the 537 Action also naming a thirteenth additional defendant not named here). Indeed, plaintiff confirms in the present complaint that he is "refiling [his] case against all of the (Defendant's) from my previous filing." (ECF No. 1 at 10 (sic).)

---

[3] "[I]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action *sua sponte*, even though the [preclusion] defense has not been raised," Arizona v. California, 530 U.S. 392, 416 (2000), provided that the parties have an opportunity to be heard prior to dismissal. Headwaters Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1054-55 (9th Cir. 2005). "As a general matter, a court may, *sua sponte*, dismiss a case on preclusion grounds 'where the records of that court show that a previous action covering the same subject matter and parties had been dismissed.'" Id. (quoting Evarts v. W. Metal Finishing Co., 253 F.2d 637, 639 n.1 (9th Cir. 1958)).

As to the second element, the 537 Action resulted in a final judgment on the merits because it was dismissed "with prejudice" under Rule 41(b) as a sanction for not complying with court orders and failing to prosecute the case. (No. 2:21-cv-00537, ECF No. 15, recommending dismissal sanction; id., ECF No. 18 at 2, adopting F&Rs and dismissing "with prejudice" under Rule 41(b).) Several of the defendants moved to dismiss the 537 Action, and despite being given multiple opportunities and a directive to respond to the motion, plaintiff failed to file any opposition or notice of non-opposition. (Id., ECF Nos. 8, 9, 11.) After notifying plaintiff that the case would be dismissed with prejudice as a sanction if plaintiff did not comply with the court's rules and orders, the magistrate judge recommended dismissal with prejudice under Rule 41(b) based on his analysis of the Ferdik factors.[4] (Id., ECF Nos. 11 at 2-3, 15 at 2-4.) The district judge adopted that recommendation, and final judgment dismissing the action "with prejudice" was entered on August 31, 2021 (id., ECF Nos. 18, 19)—many months before plaintiff filed the present complaint on April 4, 2022.

The Supreme Court has held that a dismissal with prejudice under Rule 41(b) bars a plaintiff from refiling the same claim in the same court. Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 505–06 (2001); see Costello v. United States, 365 U.S. 265, 287 (1961) (Rule 41(b) dismissals operate as adjudications on the merits where "the defendant has been put to the trouble of preparing his defense"). By the terms of Rule 41(b), an involuntary dismissal operates as an adjudication on the merits unless the dismissal order states otherwise, or if the dismissal was for lack of jurisdiction, improper venue, or failure to join a necessary party. Fed. R. Civ. P. 41(b). None of these exceptions apply here where the 537 Action was explicitly dismissed "with prejudice" as a sanction for failure to follow court rules and failure to prosecute, and the dismissal was ordered after weighing the Ferdik prejudice factors. C.f. Gibson v. Cty. of Orange, No. 8:20-CV-01232-JWH-DFMx, 2021 WL 860000, at *7 (C.D. Cal. Mar. 8, 2021) (finding prior court did not intend its dismissal with prejudice to have claim-preclusive effect under Rule 41(b) because court did not conduct the required multi-factor prejudice analysis in its

---

[4] Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)

dismissal order).

Thus, plaintiff's claims against all 12 defendants appear to be barred by the doctrine of res judicata because they were previously adjudicated on the merits in the 537 Action. Plaintiff's response to this show cause order must therefore explain why this case should not be dismissed based on the doctrine of res judicata.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Within 14 days of the entry of this order, plaintiff shall show cause in writing (1) why this court has subject matter jurisdiction over this case and (2) why this suit is not barred as res judicata by the prior litigation in No. 2:21-cv-00537-TLN-KJN;

2. Failure to timely comply with the terms of this order will result in a recommendation that this action be dismissed for lack of subject matter jurisdiction and/or be involuntarily dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b); and

3. The deadline for any served defendants to file a response to the complaint shall not begin to run until the court determines that plaintiff has satisfied this order to show cause.

Dated:  May 4, 2022

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

19, youn.0590

7